STATE *vs.* FRANK PIERRE, appellant.

York, 1874.—June 6, 1876.

*Trial justice. Jurisdiction.*

Trial justices do not have jurisdiction of the offenses described in R. S., c. 17, § 1, which declares that all places used as houses of ill-fame, resorted to for lewdness or gambling, for the illegal sale or keeping of intoxicating liquors, are common nuisances. They may cause such offenders to be arrested and require them to recognize for their appearance at a higher court; but they cannot pass sentence upon them.

ON EXCEPTIONS.

COMPLAINT for keeping a common nuisance by selling intoxicating liquors illegally.

The trial justice took jurisdiction and imposed a fine of ten dollars and costs, from which sentence the defendant appealed to this court and moved to quash for want of jurisdiction in the trial justice. The court ruled as matter of law, if presented in any form of pleading, that the trial justice had jurisdiction, and declined therefore to allow the motion. The defendant excepted.

*G. C. Yeaton,* for the defendant.

This complaint is not under R. S., c. 27, but R. S., c. 17. *Commonwealth* v. *Bubser,* 14 Gray, 83. *Commonwealth* v. *Cutler,* 9 Allen, 486.

The trial justice had no jurisdiction ; for :

I. There being no presumption in favor of it, it cannot exist without some statute "specially conferring it." *State* v. *Hartwell,* 35 ·Maine, 129. Hersom's case, 39 Maine, 476. *State* v. *Hall,* 49 Maine, 412. Bouv. Law Dic., Tit. "Jurisdiction."

II. Criminal jurisdiction of trial justices is conferred by R. S., c. 132, §§ 2–7, and some other special sections. If claimed at all under this chapter, it must be under § 4. This cannot confer it, for the penalty imposed in c. 17, § 2, "not exceeding one thousand dollars" and "not more than one year," stamps the crime with legislative determination that the offense is "of a high and aggravated nature." And this section includes only three classes of crimes.

III. Trial justices cannot have jurisdiction here, for jurisdiction *ex vi termini* imports power to pass sentence for the full penalty possible for the offense charged. Hersom's case (supr.) *Hopkins* v. *Commonwealth,* 3 Metc., 460. *Commonwealth* v. *Woolford* and wife, 108 Mass., 483. *Barnes* v. *Green,* 1 Scam., 42. *Commonwealth* v. *Curtis et als.* Thach. Crim. Cases, 202. Bouv. Law Dic., Tit. "Jurisdiction." Davis Crim. Jus. (3d ed.) Tit. "Nuisance."

*H. M. Plaisted,* attorney general, and *W. F. Lunt,* county attorney, for the state.

A trial justice has jurisdiction of violations of any statute, where the offense is not of a high and aggravated nature, and may fine to the extent of ten dollars. R. S., c. 132, § 4.

At common law the matter of complaint did not constitute a crime or misdemeanor, but it is an offense created entirely by statute.

The fine is fixed in the discretion of the court, not exceeding one thousand dollars, and the offense itself is not necessarily of a high and aggravated nature.

The law necessarily confers a certain discretion upon magistrates to determine the grade of crime alleged to have been committed.

R. S., c. 17, § 13, contemplates that justices shall have jurisdiction in cases of this nature.

The conviction before the justice if it had not been vacated by appeal would be a bar to any proceedings upon an indictment for the same offense, if properly pleaded. 13 Mass., 245 and 455.

Error in the sentence of a justice of the peace is no ground for dismissing the complaint in the appellate court. *Com.* v. *Tinkham,* 14 Gray, 12.

The appeal opens to respondent the whole case, as to the law, the facts and the judgment, *Com.* v. *O'Neil,* 6 Gray, 343, and he cannot on this appeal contest the jurisdiction of the justice. Ibid. *Com.* v. *Calhane,* 108 Mass. 431.

By the ruling of the court, the respondent is not aggrieved on this appeal, whether or not the justice had jurisdiction to sentence him. The exceptions should therefore be overruled and the respondent be required to appear for sentence upon his plea of guilty.

WALTON, J. All places used as houses of ill fame, resorted to for lewdness or gambling, for the illegal sale or keeping of intoxicating liquors, are declared to be common nuisances; and the keepers may be punished by a fine of one thousand dollars, or a year's imprisonment. R. S., c. 17, §§ 1, 2. The question is whether trial justices have jurisdiction in these offenses. We think they do not. Jurisdiction is not expressly conferred upon them; and as the punishments which may be inflicted are far greater than they are authorized to impose, we think it cannot be conferred upon them by implication. They may cause such offenders to be arrested, and require them to recognize for their

appearance at a higher court, but they cannot pass sentence upon them.                                    *Exceptions sustained.*

*Case to be dismissed.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.